UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK RUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA,<br><br>    Defendant. | Case No.  15-cv-01355-KAW<br><br>**ORDER TO OPEN A NEW CASE**<br><br>Re: Dkt. No. 3 |

On March 24, 2015, Plaintiff Derek Russell filed both a Complaint (Dkt. No. 1) and a Notice of Removal (Dkt. No. 3) in an apparent attempt to remove a traffic citation from state court and to file a lawsuit alleging federal claims against Superior Court of California, County of Sonoma. Both initiating documents were improperly filed in the above-captioned case, as only one initiating document may be filed per case. The filing fee of $400.00 paid by Mr. Russell on March 24, 2015 applies to the Complaint, not the Notice of Removal in the state court case.

Therefore, the Court orders the Clerk's Office to open a new case with the Notice of Removal (Dkt. No. 3) as the initiating document, and assign the case to the undersigned. The Court notes that, upon review, Mr. Russell has impermissibly removed his traffic citation from state court, because a party cannot remove a case based on a defense— in this case, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . .").[1] As a result, the new case will

---

[1] Additionally, Mr. Russell erroneously cites 28 U.S.C. § 1441(b) as a basis for removal, which is removal based on diversity of citizenship. Not only is the citizenship of the parties not diverse, but Mr. Russell is a citizen of California, and, as a defendant in the state court action, is not permitted to remove the case to federal court based on diversity of citizenship. 28 U.S.C. § 1441(b)(2) (case

1 ultimately be remanded to state court.

2 If Mr. Russell, nevertheless, wishes to remove the traffic citation matter to federal court, he
3 is ordered to pay the filing fee of $400.00 on or before April 24, 2015 for the case opened with the
4 Notice of Removal.  Failure to pay the filing fee by that date will result in the dismissal of the
5 action.  Should Mr. Russell decide that he no longer wishes to pursue the action initiated by the
6 Notice of Removal, he may file a notice of voluntary dismissal once a case number is assigned,
7 which will relieve him of his obligation to pay the additional $400.00 filing fee.

8 IT IS SO ORDERED.

9 Dated: April 7, 2015

10 _____
KANDIS A. WESTMORE
United States Magistrate Judge

---

28 with diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")

2