UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK RUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA,<br><br>    Defendant. | Case No. 15-cv-01355-KAW<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE; ORDER REASSIGNING CASE TO A DISTRICT JUDGE**<br><br>Re: Dkt. No. 1 |

On March 24, 2015, Plaintiff Derek Russell filed a lawsuit alleging that the Superior Court of California, County of Sonoma violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, and the Rosenthal Act, in connection with monies allegedly owed from two traffic citations. (*See* Compl., Dkt. No. 1 ¶¶ 1, 15-17; Not. of Removal, Dkt. No. 3.) [1]

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 120 days to complete service of the complaint and summons on Defendant, such that July 22, 2015 was the last day to complete service or to file a Motion for Administrative Relief from the deadline pursuant to Civil Local Rule 7-11. The Case Management Conference originally scheduled for June 23, 2015 was continued to September 22, 2015, because Defendant had not been served 7 days prior to the original CMC date. (Dkt. No. 6.)

On July 23, 2015, the undersigned issued an order to show cause why this case should not be dismissed for failure to comply with the deadline to complete service on Defendant or to file a

---

[1] Mr. Russell impermissibly filed the instant complaint with a notice of removal, which was opened under a different case number (Case No. 15-cv-1604). The notice of removal (Dkt. No. 3), however, provides the factual bases for the complaint. The new case was terminated for failure to pay the filing fee. It later came to the court's attention that Mr. Russell paid the filing fee but filed the same notice of removal again, causing Case No. 15-cv-01848 to be opened. That case was ultimately remanded to state court.

1  Motion for Administrative Relief. (Dkt. No. 7)  Plaintiff was ordered to file a written response to
2  this order by August 17, 2015, and was advised that a failure to file a response may result in the
3  dismissal of this action for failure to prosecute. *Id.*  To date, Plaintiff has not filed a response to
4  the order to show cause nor is there any indication that he has served the defendant.

5        Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or
6  claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31
7  (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been
8  considered an 'inherent power'").  Unless otherwise stated, a dismissal under Rule 41(b) "operates
9  as an adjudication on the merits." Fed. R. Civ. P. 41(b).

10        As to the merits of Plaintiff's case, the Ninth Circuit has stated that the FDCPA concerns
11  only "those obligations to pay arising from consensual transactions, where parties negotiate or
12  contract for consumer-related goods or services." *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir.
13  2004) (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th
14  Cir. 1997)).  Traffic citations do not arise from consensual transactions for good or services.
15  Rather, they arise from an individual allegedly violating the law.  Thus, Plaintiff's traffic tickets
16  are not "debts" under the federal or state acts. *See Herrera v. AllianceOne Receivable Mgmt., Inc.*,
17  No. 14CV1844 BTM WVG, 2015 WL 3796123, at *7 (S.D. Cal. June 18, 2015)("Traffic fines do
18  not result from consensual consumer transactions, and are therefore not 'debts' within the meaning
19  of the Acts.") (citing *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) (municipal
20  fines not debts under FDCPA).

21        Accordingly, as Plaintiff has not consented to the undersigned, the Court reassigns this
22  case to a district judge and recommends that the case be DISMISSED WITH PREJUDICE for
23  failure to prosecute.
24  ///
25  ///
26  ///
27  ///
28  ///

2

1  Any party may file objections to this report and recommendation with the District Judge
2  within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b). The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-
5  5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).
6  IT IS SO RECOMMENDED.
7  Dated: September 17, 2015

KANDIS A. WESTMORE
United States Magistrate Judge